# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM MARTIN,<br><br>  Plaintiff,<br>vs.<br>AMERICAN HONDA MOTOR COMPANY, INC., ET AL.,<br><br>  Defendants. | CASE NO. 06cv1581 BTM(JMA)<br><br>**ORDER DENYING MOTION TO DISMISS COMPLAINT** |

Defendant American Honda Motor Co., Inc. ("Defendant") has filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 12(b)(5) for insufficient service.  For the reasons discussed below, Defendant's motion to dismiss is **DENIED**.

## I. BACKGROUND

Richard William Martin ("Plaintiff") is a pro se plaintiff who is incarcerated at the Northern Nevada Correctional Center.  Plaintiff's Complaint was filed in this Court on August 7, 2006.  In his Complaint, Plaintiff alleges that on July 31, 2004, he was driving his 1993 Honda Accord when he was involved in an accident. (Complaint, ¶ 7.)  The vehicle rolled over, and the airbag deployed with such force that his left hand was thrown through the driver's side window of the vehicle. (Complaint, ¶ 8.)  The broken glass sliced the skin,

muscles, and tendons off of Plaintiff's hand. (Complaint, ¶ 9.) Plaintiff was required to undergo surgeries on his hand and incurred medical bills in excess of $588,000. (Complaint, ¶ 11-12.) Plaintiff's ability to work has been adversely impacted by the injuries to his hand. (Complaint, ¶ 13.) Plaintiff also alleges that he has suffered emotional distress over the loss of use of his hand. (Complaint, ¶ 14.) Plaintiff seeks compensatory damages in excess of $750,000.

## II. DISCUSSION

Defendant seeks dismissal of the Complaint on the grounds that (1) Plaintiff's claims are barred by the applicable statute of limitations, and (2) Plaintiff served Defendant with the Summons and Complaint after the 120-day period set forth in Fed. R. Civ. P. 4(m). The Defendant's motion is denied as to both grounds.

A. <u>Statute of Limitations</u>

A statute of limitations defense may be raised in a motion to dismiss only if the running of the statute is apparent on the face of the complaint. <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss based on the running of the statute of limitations "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." <u>Jablon</u>, 614 F.2d at 682.

Under California law, the statute of limitations for personal injury is two years. Cal. Code Civ. P. § 335.1. Nevada also has a two-year statute of limitations for personal injury claims. Nev. Rev. Stat. § 11.190.[1]

It is unclear from the face of the Complaint whether the Complaint was filed within the two-year limitations period. The facts known to the Court are that the two-year period

---

[1] It is unclear from the Complaint whether the accident actually occurred in Nevada or California. The Complaint alleges that Plaintiff and his wife were driving on Interstate Route 80, near the Lockwood, Nevada Interchange, traveling in a westbound direction. (Complaint, ¶ 6.)

expired on July 31, 2006, the Complaint was dated July 26, 2006, and the Complaint was stamped "filed" by the Clerk's Office on August 7, 2006.  What is unknown to the Court is when, under the "mailbox rule," the Complaint should be deemed filed.

Although the Ninth Circuit has not yet ruled on whether the "mailbox rule" should be extended to the filing of complaints by pro se prisoners, the Court concludes that the rationale for applying the "mailbox rule" to notices of appeal and other court filings by pro se prisoners applies equally to complaints.  In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a notice of appeal under Fed. R. App. P. 4(a)(5) is to be deemed filed at the moment a pro se prisoner delivers it to prison authorities for forwarding to the court.   The Supreme Court explained that such a  rule is necessary because of the unique situation of pro se prisoners:

> [T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.  No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped "filed" on time.  And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received.

Id. at 271.

In Saffold v. Newland, 250 F.3d 1262 (9th Cir. 2001), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002), the Ninth Circuit extended the "mailbox rule" to the filing of the petitioner's state habeas petition and the subsequent filing of his federal habeas petition.  The Ninth Circuit explained: "At both times, the conditions that led to the adoption of the mailbox rule are present; the prisoner is powerless and unable to control the time of delivery of documents to the court." Id. at 1268.

The rationale of Houston applies here even though Plaintiff had two years to file his Complaint.  In Sulik v. Taney County, 316 F.3d 813 (8th Cir. 2003), the Eighth Circuit rejected the defendants' argument that the "mail box rule" should not be extended to the filing of the pro se prisoner's section 1983 complaint because he had five years to commence the action: "The foundation of Houston is the inherent disadvantage suffered by pro se prisoners

in their ability to monitor the course of their litigation. This applies regardless of the length of the limitation period." Id. at 815. It appears that all of the circuit courts that have reached the issue have held that Houston applies to the filing of complaints. See, e.g., Casanova v. Dubois, 304 F.3d 75, 79 (1st Cir. 2002); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam); Cooper v. Brookshire, 70 F.3d 377, 380 (5th Cir. 1995); Richard v. Ray, 290 F.3d 810, 813 (6th Cir. 2002) (per curiam); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

Applying the mailbox rule to this case, the Complaint may have been timely filed. The Complaint was dated July 26, 2006, before the expiration of the limitations period. If Plaintiff gave his Complaint to prison authorities on or before July 31, 2006, which is entirely possible, the Complaint was filed within the statute of limitations.

Accordingly, the Court cannot conclude from the face of the Complaint that this action is barred by the statute of limitations. Defendant may reargue the issue of timeliness in a motion for summary judgment.

B.   Service of the Complaint

Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) on the ground that Defendant failed to serve the Summons and Complaint within the 120-day period prescribed by Fed. R. Civ. P. 4(m). The Court denies this motion.

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Complaint was filed on August 7, 2006, but was not served on Defendant until February 7, 2007. However, Plaintiff was not granted in forma pauperis status until October 4, 2006. On January 17, 2007, within 120 days of the granting of his motion to proceed in forma pauperis, Plaintiff provided the U.S. Marshal with the summons, Complaint, and directions for service. The Court finds that Plaintiff acted diligently and that good cause

exists to retroactively extend the time for service.

Moreover, in the absence of good cause, the Court retains discretion to extend the time for service. <u>Matasareanu v. Williams</u>, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998). The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) explain, "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ." Here, the applicable statute of limitations would bar Plaintiff from refiling his action. In contrast, Defendant has made no showing of prejudice.

Therefore, the Court retroactively extends the time for service, and denies Defendant's motion to dismiss for insufficiency of service of process.

### III. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED**. Defendant shall file an answer to Plaintiff's Complaint within 10 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED:  June 7, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge