UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC., et al.,<br><br>        Defendants. | Case No. 06-CV-1581-BTM (JMA)<br><br>**1) ORDER FOLLOWING EARLY NEUTRAL EVALUATION CONFERENCE, AND**<br><br>**2) CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>(Fed. R. Civ. P. 16)<br>(Local Rule 16.1)<br>(Fed. R. Civ. P. 26) |

    Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Early Neutral Evaluation Conference was held on July 31, 2007 at 10:00 a.m.  During the conference, counsel for Defendant American Honda Motor Co., Inc. advised that Defendant intends to file motions seeking court orders for 1) the deposition of Plaintiff, who is currently incarcerated and 2) preservation of the vehicle which is the subject of this litigation, which is currently in the custody of the Nevada Department of Public Safety.  Plaintiff advised that he does not oppose either request.  Defendant will submit proposed orders to the Court.

After consulting with the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **September 28, 2007**.

2. A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **November 7, 2007** at **9:30 a.m.** Counsel for each party shall appear telephonically at this conference. The Court will initiate the conference call.

3. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **October 26, 2007**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **November 9, 2007**. On or before **November 23, 2007**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is <u>not</u> limited

to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.   All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 25, 2008**.  Any contradictory or rebuttal information shall be disclosed on or before **February 29, 2008.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.   All discovery shall be completed by all parties on or before **March 28, 2008**.  "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response

1  as set forth in the Federal Rules of Civil Procedure.  **All**
2  **disputes concerning discovery shall be brought to the attention**
3  **of Magistrate Judge Adler no later than thirty (30) days**
4  **following the date upon which the event giving rise to the**
5  **dispute occurred.  For oral discovery, the event giving rise to**
6  **the discovery dispute is the completion of the transcript of the**
7  **affected portion of the deposition.  For written discovery, the**
8  **event giving rise to the discovery dispute is the service of the**
9  **response.  Counsel are required to meet and confer prior to**
10 **contacting the Court regarding all discovery disputes pursuant to**
11 **the requirements of Local Rules 16.5(k) and 26.1(a).**
12         6.    All motions, other than motions to amend or join
13 parties, or motions in limine, shall be <u>filed</u> on or before **April**
14 **25, 2008**.[1]  Motions will not be heard or calendared unless
15 counsel for the moving party has obtained a motion hearing date
16 from the law clerk of the judge who will hear the motion.  **Be**
17 **advised that the parties must file their moving papers within**
18 **three (3) days of receiving their motion hearing date from the**
19 **Court.  Be further advised that the period of time between the**
20 **date you request a motion date and the hearing date may be up to**
21 **sixty (60) days.  Please plan accordingly**.  Failure of counsel to
22 timely request a motion date may result in the motion not being
23 heard.
24     Briefs or memoranda in support of or in opposition to any
25 pending motion shall not exceed twenty-five (25) pages in length

---

[1] Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to <u>file</u> motions.

without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

    7.  A Mandatory Settlement Conference shall be conducted on **July 21, 2008** at **10:00 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **July 14, 2008**.  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

    **All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>.  The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman**

***v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

8.   If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before Judge Adler, and the Plaintiff may appear by telephone.  In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

9.   The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **August 5, 2008**.

10.  No Memoranda of Contentions of Fact and Law are to be filed except in a bench trial.  In that case, counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **August 5, 2008**.

11.  Counsel shall confer and take the action required by

Local Rule 16.1(f)(4) on or before **August 12, 2008**.

12. Counsel shall comply with the Order Setting Form of Pretrial Order, filed concurrently with this Order, in preparing the pretrial order.

13. The Proposed Final Pretrial Conference Order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and lodged with the Clerk's Office on or before **August 19, 2008**. Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

14. The final Pretrial Conference is scheduled on the calendar of the Honorable Barry Ted Moskowitz on **August 26, 2008** at **4:00 p.m.** The trial date will be assigned by Judge Moskowitz at the pretrial conference.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Defendant's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: July 31, 2007

                                                  _____
                                                  Jan M. Adler
                                                  U.S. Magistrate Judge